IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRADLEY DENNEY                                                              PLAINTIFF

v.                              Civil No. 11-2035

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                             DEFENDANT

<u>**MEMORANDUM OPINION**</u>

        Plaintiff, Bradley Denney, brings this action under 42 U.S.C. § 405(g), seeking judicial review

of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim

for a period of disability, disability insurance benefits ("DIB"), and supplemental security income

("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§

423(d)(1)(A), 1382c(a)(3)(A).   In this judicial review, the court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C.

§ 405(g).

**I.      Procedural Background:**

        The plaintiff filed his applications for DIB and SSI on February 1, 2008, alleging an amended

onset date of April 1, 2008[1], due to diabetes mellitus, peripheral neuropathy, back and shoulder pain,

anxiety, depression, liver problems, and hypertension.  Tr. 44, 88-96, 62, 117-124, 150-151, 169-176,

177-178, 208-216.  His claims were denied both initially and upon reconsideration. Tr. 80-82, 87, 91-92.

An administrative hearing was then held on March 29, 2009. Tr. 10-51.  Plaintiff was present and

represented by counsel.

        At this time, plaintiff was 39 years of age and possessed a high school education.  Tr. 15.  He

had past relevant work ("PRW") experience as an arch welder, millwright, maintenance mechanic, and

diesel mechanic.  Tr.  16-, 26, 71, 152-153, 187-194, 218.

---

        [1]Plaintiff originally alleged an onset date of January 1, 2007, but amended that onset date at the
hearing, due to his alcoholism and residential alcohol treatment at Harbor House in March 2008.  Tr. 43-44.

On December 14, 2009, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's diabetes mellitus with associated peripheral neuropathy, anxiety, depression due to alcohol abuse, and hypertension did not meet or equal any Appendix 1 listing.  Tr. 64-66.  The ALJ determined that plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work requiring no exposure to the following:  unprotected heights and dangerous moving machinery; extremes of cold, heat, and humidity; or, sustained driving.  Tr. 66-70.  She also concluded Plaintiff could not climb scaffolds, ladders, or ropes; squat; or drive on a sustained basis due to his neuropathy, and could only occasionally bend, crouch, crawl, kneel, balance, climb ramps and stairs.  Further, the ALJ indicated that the work must be non-complex, involve only simple instructions with little judgment, be of a routine/repetitive nature that can be learned by rote with few variables, involve no more than superficial contact incidental to work with the public and coworkers and entail supervision that is concrete, direct, and specific.  With the assistance of a vocational expert, the ALJ then found that plaintiff could perform work as a machine tender, assembly worker, and inspector.  Tr. 71-72.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on February 1, 2011.  Tr. 1-5.  Subsequently, plaintiff filed this action.  ECF No. 1.  This case is before the undersigned by consent of the parties.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF No. 11, 12.

II.    **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id.*  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to

2

support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

A.    **The Evaluation Process**:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has ehngaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her

3

residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C

.F.R. § § 404.1520, 416.920 (2003).

**III.**   **Discussion:**

Under the regulations, "if a claimant files additional medical evidence with a request for review

prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the

additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or

before the date of the ALJ's decision." *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990).

However, the timing of the evidence is not dispositive of whether the evidence is material. *Id.*  Evidence

obtained after an ALJ decision is material if it related to the claimant's condition on or before the date

of the ALJ's decision. *Basinger v. Heckler*, 725 F.29 1166, 1169 (8th Cir. 1984).

Once it is clear that the Appeals Council has considered newly submitted evidence, we do not

evaluate the Appeals Council's decision to deny review.  Instead, our role is limited to deciding whether

the administrative law judge's determination is supported by substantial evidence on the record as a

whole, including the new evidence submitted after the determination was made.  *See, e.g., Nelson v.

Sullivan,* 966 F.2d 363, 366 (8th Cir. 1992); *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir. 1992).

Of necessity, that means that we must speculate to some extent on how the administrative law judge

would have weighed the newly submitted reports if they had been available for the original hearing. We

consider this to be a peculiar task for a reviewing court. *See Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir.

1994).

In the present case, Plaintiff presented approximately 150 pages of additional medical evidence

to the Appeals Council.  Tr. 618-786.  While some of this evidence is cumulative and repetitive, many

of the records are new and provide further documentation of Plaintiff's treatment for his peripheral

neuropathy. Specifically, these records show additional treatment of Plaintiff by Dr. Nathan Bennett and

Nurse April Revis at the Scott County Rural Medical Clinic. Of particular interest to the undersigned is a medical source statement completed by Ms. Revis and Dr. Bennett.

On January 28, 2010, Nurse Revis completed a medical source statement that was affirmed by Dr. Bennett and bears his signature alongside hers. Tr. 709-710. In the assessment, Nurse Revis indicated that Plaintiff had been diagnosed with bilateral peripheral neuropathy, uncontrolled diabetes, hypertension, and uncontrolled allergies. With these impairments, she concluded that he could sit for two hours at a time for a total of three to five hours in an eight-hour workday, stand for thirty to forty minutes at a time for a total of two to six hours, and walk for thirty to forty minutes at one time for a total of two to four hours per day. Ms. Revis also opined that Plaintiff could not use his feet for repetitive movements or operating foot controls; could never squat or be exposed to unprotected heights; could occasionally bend, crawl, climb, stoop, crouch, kneel, be around moving machinery, be exposed to marked temperature changes, drive automotive equipment, and be exposed to dust, fumes and gases; and, would need to take unscheduled breaks during an eight-hour working shift. Tr. 517-518.

Prior to this assessment's presentation to the Appeals Council, the record contained an identical assessment by Nurse Revis in 2009 that was not signed by Dr. Bennett. This was the only RFC assessment from a treating source contained within the file. For reasons unknown, the ALJ failed to mention Nurse Revis's 2009 statement in her opinion, and in so doing, she also failed to provide reasons for discrediting Nurse Revis' assessment. We note that the ALJ must always provide reasons for whatever weight he gives a treating physician's opinion.[2] *Holmstrom v. Massanari*, 270 F.3d 715, 720 (8th Cir. 2001).

----

[2]We do note that Nurse Revis was an advanced practical nurse, working under the supervision and direction of Dr. Nathan Bennett at the Scott County Rural Medical Clinic. As a nurse practitioner's statement is generally not considered a treating source when standing alone, the fact that she was associated with Dr. Bennett, worked in close contact with him at the clinic, and that Plaintiff was also treated on occasion by Dr. Bennett entitled her opinion to the same weight afforded a treating source. *Shontos v. Barnhart*, 328 F.3d 418, 426-427 (8th Cir. 2003).

AO72A
(Rev. 8/82)

Both assessments clearly state that Plaintiff would be unable to perform work requiring repetitive movement of his feet and would require unscheduled breaks during an eight-hour working shift. However, these restrictions are not included in the ALJ's RFC assessment. And, we can find no evidence, aside from a one time evaluation and the assessment of a non-examining physician, to contradict this assessment. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). The record contains ample evidence of Plaintiff's peripheral neuropathy, which has resulted in pain in his feet, decreased sensation in his feet and lower extremities, and insomnia due to this pain. Thus, assuming Nurse Revis' assessment was ignored because she did not qualify as a acceptable source, we believe that the 2010 assessment bear both the signature of herself and Dr. Bennett would have impacted the ALJ's RFC determination in this case, had it been before her at the time of decision. Accordingly, this matter will be remanded to the ALJ for proper consideration of the assessment prepared by Nurse Revis and Dr. Bennett.

The Commissioner contends that the ALJ was not required to consider Nurse Revis' assessment because the evidence revealed some non-compliance on the part of Plaintiff with regard to alcohol abuse. We do note some evidence indicating that Plaintiff was drinking heavily and had requested medication to help him detoxify. However, the evidence does not make clear whether or not Plaintiff continued to drink after his attempted detoxification in the fall of 2009. And, the ALJ made no findings regarding his alcoholism. Therefore, on remand, the ALJ is also directed to consider the evidence concerning Plaintiff's alcoholism, recontact Dr. Bennett and Nurse Revis to determine the extent of his problem following his 2009 detoxification, and then determine whether Plaintiff's alcoholism would be a material factor in determining his entitlement to disability. *See* 20 C.F.R. § 416.912(e) (2006) (requiring the recontacting of a treating physician only if evidence from that physician is inadequate to determine disability); *see also,* 42 U.S.C. § 423(d)(2)(c) (laying out the rules for considering alcoholism).

AO72A
(Rev. 8/82)

IV.     **Conclusion**:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 9th day of February 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)